Final case for argument this morning is 15-3192 Ramsey v. MSPB Good morning, Your Honors. I may it please the Court, my name is Erin Lawrence and I'm representing Ms. Alona Ramsey in her appeal from the Merit Systems Protection Board. Ms. Ramsey was a loyal government employee for over 30 years that consistently received on-target reviews. However, toward the end of her career, she obtained a new supervisor that wrongfully terminated her from her position as an administrative assistant. She went to the Merit Systems MSPB to appeal her wrongful termination, and because of errors made by the MSPB, she has now been stripped of her right to appeal her wrongful termination on the merits. Here's my problem. I think we're all well-versed in what happened here. Even if we accept your view that she was rightfully correctly confused about the dates that were included in this order, etc., it seems to me there's at least one document in this case that is crystal clear, and that is the show cause order. And even for pro se litigant, that's one thing that we can assume everybody can understand, and she didn't respond. So not withstanding the vitality of your arguments with respect to rightful or wrongful confusion about the original judge's order, etc., it's hard for me to get by just that piece, and that piece seems to me to resolve this case. So tell me why I'm wrong. I understand that, Judge Prost. The order to show cause, I think, needs to be considered in light of also the Judge Niedrich's confusing instructions to Ms. Ramsey. She refiled her appeal on January 21st, and the order to show cause was issued on February 5th. She believed that her deadline was still within her deadline. Her intent to refile was very clear, and she's a pro se litigant that is not aware of administrative law and the complexity. She was given 70 days to respond. Her intent to refile was clear, and I think given the confusion of the overall circumstances, I'm not sure that she did not understand what the order to show cause meant. You really don't have to be familiar with administrative law. The opinion, the initial decision was very clear. No sooner than 36 days and no later than 120 days after the date of this decision. That's very clear. Your Honor, it is, the MSPB, the decisions generally will state give a date certain for especially pro se litigants. In this case, Ms. Ramsey misunderstood Judge Niedrich's decisions as being consecutive deadlines and not concurrent deadlines. And for a pro se litigant, that's a reasonable interpretation, especially Let me see. Your interpretation is what? That her 20 day clock did not start running until the conclusion of the 36 days? Yes, that was her understanding. Because the decision became final 36 days from the initial decision, as a pro se litigant, she felt that the finality of that decision was what dictated her 120 day deadline. Okay, and just back to my initial point that there's no confusion in the show cause order. Tell us why we should not dismiss this case. Even if she was confused about what they needed to know, wouldn't even a pro se litigant be required to comply with that? At least give the agency something back, even if it's, I don't really know what, understand what you want me to tell you about the time frame, because here's why I thought I'm in the correct time frame. Isn't something required? This court and the MSPB have held that a failure to respond to an order to show cause is not dispositive. And given the overall confusion here, I think that this case falls within that type of fact. What case have we said? In Davis and Griffin, in 1999, Davis, it was found that a failure to respond to an order to show cause was reasonable, given the confusion. Additionally, in Griffin, the appellant failed to respond to an order to show cause because the ALJ's decisions or instructions referred to several timelines, and the appellant was reasonably confused with respect to the timelines. The board has also used... But there's no confusion in this notice to show cause, right? I mean, the confusion may be, I think I'm on time, and I don't understand why you're asking me about it, but that's probably true of every notice to show cause. Somebody thinks they're right, and they have to come back and tell the MSPB why they are. Which I understand, but I think in this case, Ms. Ramsey did not understand that her appeal was late until the February 20th order by Judge Nedrick. And I think as a pro se litigant, to expect them to understand an order to show cause in seven days when she's already felt that she met her deadline, I think it's reasonable that the board should have considered these The board, in this case, abused its discretion, I believe, by just flat out denying Ms. Ramsey's petition to review Judge Nedrick's decision. The board did not review any of the facts of the case, and this Court has held many times that without any sort of substantial review, the board will... If it's not... The board's decision is not supported by substantial evidence. It is an abuse of discretion. There are explicit factors that the board regularly considers whether determining whether there's a waiver of a timeline is rightful in this case. And in this case, the board made absolutely no determination of whether there was good cause in light of the facts or any applicable law. Because, as Your Honor pointed out, they just used the order to show cause as dispositive. But in many cases, the MSPB has been reasonable and understood that a pro se litigant is not well-versed in administrative law, and the overwhelming confusion still allows... Well, that's why many years ago, we went in back, might have been the Mendoza case, and we said, we leave it to the board to decide what good cause is, and that we will not interfere with the board's determination of good cause. And as you've just said, the board understands the problems of pro se litigants. The board generally does, but in Mrs. Ramsey's case, they did not make a determination of good cause. In fact, they just... The board denied her case without even making any sort of determination of good cause. So I think it's distinguishable from Mendoza. This court was presented with Mendoza two separate times. Once in 1991, where the court found that the board did not have substantial evidence to support its dismissal of the appellant's case. And then once in 1992, the board came back with more substantial evidence showing an absolute deliberate failure of the appellant to follow the procedures at the MSPB, and then it was dismissed. But when there was a paucity of findings in the initial case, this court remanded back down to the MSPB and vacated and allowed the appellant to proceed on the merits of their case because of justice and equity. And your honors, I think it's also very important to understand in this case that Ms. Ramsey was diligent. She did meet all of her other deadlines other than the one at issue. And her intent to refile was very clear when Judge Nijic dismissed it, when the board dismissed it. This is a very important case to her. And in addition, it is the... Let me ask you just about that, just how things went down. I thought the initial pause was so that she could go get an attorney, right? Was that... It was. And she never did get the attorney, right? Ms. Ramsey made several, several attempts to obtain an attorney, but the retainer fees were too high and she was unable to obtain an attorney. And when she realized that she was not going to be able to retain an attorney, that's when she refiled her appeal. She believed her appeal was... She believed she refiled the appeal two weeks earlier than the actual deadline. And I also think it's very important to note in this case that the agency never and still has not said that it's been prejudiced by a pro se appellant's 16-day delay. It hasn't made any showing, and not even in its briefs in the current appeal has it said that it was prejudiced. And in such cases, I think it's well established by this court that absent substantial prejudice to the agency, an appellant's reasonable explanation for a delay should  Thank you. We reserve the balance of your time and we'll hear from the governor. Thank you. Okay, I appreciate it. Good morning. May it please the court. The MSPB correctly dismissed this case because the petitioner failed to make any showing of good cause to waive her untimeliness. Ultimately, this case is about an appeal filed untimely without any explanation as to why. Yeah, but we know why. I mean, she was confused. She misread. Now we know. She's misread the dates. She calculated that. I mean, it's maybe something that you and I would never have done, but can appreciate that was a legitimate... You can appreciate that she had a reason for doing what she did. So why isn't that sufficient? Because it was before the administrative judge. Ultimately, this case is about what was in your honor's pointed out. There was an order to show cause issued even after she refiled untimely and she didn't respond to that as well. So what was really in front of the administrative judge was an untimely refiled appeal with nothing asking for waiver or explaining the untimeliness. Under those circumstances, squarely within this court's decision in Mendoza, the board is allowed to dismiss an appeal. Can't you go back in time? I mean, usually if they don't respond to a notice to show cause, then the case is absolutely over. But there must be cases in which somebody has come in and said, I didn't respond to the notice to show cause because I had a heart attack the day before and I was hospitalized and I couldn't respond. There's got to be a mechanism for people to come in and explain their failure to respond to a notice to show cause, right? Yes, there is. And I believe in this court's decision in either Boulware... I'm sorry, in the board's decision in Boulware, the appellant there cited mailing delays as one of the reasons why they didn't get the order to show cause. And the board there allowed the argument in. But no circumstances like that exist here. The appellant or the petitioner essentially said, I was confused and didn't say anything else, including some of the things that were introduced before this court, such as that she was confused by the order to show cause, that she was searching for an attorney, that the retainers were too high. None of those were ever introduced into the record. And those are all just being introduced for the is really what was before the administrative judge and whether the board is correct in affirming the administrative judge based on what was in front of them. That was nothing. And so in those circumstances, the board is allowed to dismiss the appeal. Now your friend referenced the fact that, and I know this is one of our criteria, I'm just not sure how it plays in these cases, which is the agency has not shown any prejudice in this case as a result of the delay. Is that, in your view, something that's required under the law? It wasn't required in this case because the agency's trigger or requirement to put forward prejudice didn't happen until a petitioner first put forward good cause. Under board law, an agency doesn't need to until a petitioner first shows good cause. Because a petitioner never put forward any good cause, the agency wasn't obligated to do so. So that should not really be held against the agency or the board in this case. Now, the petitioner's primary challenge here is that the board erred, or appears to be a primary challenge, is that the board erred by not considering the petitioner's argument on review. But the board explained its decision in rejecting the petitioner's argument, and it did explain its decision by saying that the petitioner did not first raise that argument before the administrative judge. And the board's longstanding rule, and even this court's rule, is that an argument not raised before the administrative judge will generally not be considered by the board. And so under those circumstances, because she failed to say anything to the administrative judge, the board explained it was rejecting the petitioner's argument for waiver, and it was allowed to do so under the board's precedent. I don't understand. I mean, let's take my hypothetical about somebody who can't, doesn't answer a notice to show cause because they've had a heart attack and they're hospitalized. How are they supposed to then, the time has passed, the judge dismisses the case because of a failure to respond to the notice to show cause. What does the petitioner do then to get that question resolved? Well, the petitioner can file a petition for review, and under extraordinary circumstances, which is why we say generally in the initial decision, and we say generally in the regulations, section 115, enumerating our criteria for petitioner review, we will hear arguments, but those need to be extraordinary circumstances just to get a waiver. So that's before the board, so they don't have, there's no availability of going back to the administrative judge to make those arguments in that instance. No, Your Honor, it would be before the board, that is correct. Okay. Yes. So in extraordinary circumstances, such as maybe a heart attack or something else that could not be put before the administrative judge, the board will utilize its discretion to hear the argument and possibly overturn the initial decision, but the circumstances of this case really don't lend themselves to such a decision because she explained nothing more than she was confused, and as Judge Lori pointed out, the confusion wasn't really reasonable based on the very clear instructions of the initial decision, and further, because she didn't respond to any order to show cause, which also clearly stated to her that she was untimely. Now I would just like to briefly conclude by just saying that if this court does decide to hear the petitioner's argument for waiver, and we contend that it should not, because it was not made before the administrative judge, her confusion here, or her argument for waiver is just not supportive because her confusion was not reasonable. As you noted, the initial decision was clear and unambiguous. It was not statutorily deficient. It said it was 120 days from the date of quote-unquote this decision. That means at 120 days from the date of the decision containing the instruction, the regulations contain or require a date certain, but do not specify the format of a date certain. And saying two days from now is the exact same thing as saying Wednesday, and both are equally satisfactory for the regulation. Does the court typically put dates on or just give timeframes? Like end dates indicate what the end date is, April 6th? It does both, and that's why this is not an abuse of discretion. Well, not both at the same time. Not both at the same time, but it uses both formats depending, I guess, on the individual author, but there's no requirement saying that either needs to be utilized. They both comply with the regulation. And to address the confusion of the 35-day finality, there's actually a sentence right in the paragraph setting out the deadline that says that 35 days are part of the 120 days and do not delay the 120 days. So based on that, there is no way she should have been confused, and her confusion is just not reasonable. So if this court has no further questions, can we just humbly ask that you refer that decision to the board? Thank you. I'd like to begin with my opposing counsel's statement that there's a statement in the final decision, or in the initial decision, that said that the 120 days does not count. That simply is not the case. The facts of the case are that there was instructions to her that contained two deadlines that were reasonably, they might not be confusing to a lawyer or an attorney, but they were confusing to a pro se appellant. And she thought that they were consecutive deadlines, not concurrent deadlines. People miss deadlines, and she was diligent in refiling her complaint. Her intent to refile the complaint was there, to refile her appeal was there, and she also filed her petition for review. I mean, in addition, MSPB missed its own deadline in this case, and because there was no prejudice to my client, as a matter of course, this court had allowed them to file their docketing statement 60 days late. Ms. Ramsey should be allowed, afforded the same type of leniency as a pro se appellant for a meritorious wrongful termination case. Additionally, opposing counsel stated that Boulware was due to a mailing error. In fact, I think Boulware and Griffin both had to do with the confusion of the appellant with respect to the filing date. And it is common practice for ALJs to give a date certain, meaning a specific exact date to pro se litigants. For instance, ALJ Briody consistently says, you are not allowed to file prior to 35 days, which is... But there's no regulatory requirement that they do that, right? No, there's no regulatory requirement that says you have to put a specific date. But there is a regulatory requirement that it has to be a date certain, which simply cannot be instructions that leave two potential filing dates, which in this case, there were two reasonable readings of Judge Niedrich's instructions, and one was that it was due January 6th, and the other was that it was due February 10th, if you read Judge Niedrich's instructions to be consecutive rather than concurrent. And that's unfortunately the way Ms. Ramsey interpreted Judge Niedrich's instructions. And she refiled within two weeks from when she thought the deadline was due. The order to show cause was issued to Ms. Ramsey before she still thought the deadline had not passed yet. So she was reasonably confused that, what is this order to show cause? I've refiled. My deadline hasn't even run yet. What's going on? And unfortunately, that's the facts of her case. And the board has the authority to review any issue on appeal. And there's no law or case that the opposing counsel has stated that requires extraordinary circumstances. Confusion has been found for good cause to waive a timeline, and in this case, I think that's very applicable, given the equity and the board's general policy to not strip appellants of their right to have their cases heard on appeal because of reasonable procedural mistakes. This is not supposed to be a procedural gotcha. She deserves her day in court to have her wrongful termination heard. Thank you. Thank you very much. Thank you. And thank both parties on the cases submitted. That concludes our proceedings for this morning. All rise.